1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| RENE HODACH and WINSTON BOLLS, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>WALGREEN CO., an Illinois Corporation and DOES 1 to 50, Inclusive,<br><br>     Defendants. | Case No. 2:12-cv-7491-PSG (FFMx)<br><br>**[~~PROPOSED~~] ORDER ON STIPULATION REGARDING CONFIDENTIALITY AGREEMENT**<br><br>*Note changes made by Court.* |
|---|---|

PROPOSED ORDER ON STIPULATION REGARDING CONFIDENTIALITY AGREEMENT
Case No. 2:12-cv-7491-PSG (FFMx)

14928138v.1

Pursuant to the parties' stipulation, IT IS SO ORDERED that

1.      The parties acknowledge that discovery in this lawsuit may require the disclosure of documents and other materials that are trade secret, commercially sensitive, proprietary and/or otherwise confidential in nature.

2.      The parties hereby agree that any party or non-party subject to discovery in this action may designate documents; deposition testimony, transcripts, and exhibits; responses to interrogatories; responses to requests for admission; and other written, recorded, or graphic information and materials produced by a party or non-party in the course of this action as "Confidential" (hereafter referred to as "Confidential Information").  "Confidential Information" is information that has not been made public and that refers to, describes, or consists of the disclosure of confidential, proprietary, or otherwise non-public business, technical, or financial information, information that could compromise the safety of Defendant's employees, employee personnel and earnings information, or information protected by third-party privacy rights.  Confidential Information includes not only the information contained in documents and other materials designated as such pursuant to this Order, but also to any summaries, copies, abstracts, compilations, or other documents or material derived from Confidential Information.  The parties acknowledge that the only information to be designated as Confidential Information is that which is properly subject to protection.  The parties will not designate as "Confidential" any discovery material without first making a good faith determination that such protection is warranted.

3.      The party or third party asserting the Confidential designation as to any Discovery Material shall have the burden of justifying that designation consistent with **applicable** ~~California~~ law.  **(FFM)**  Until the Court rules otherwise, the challenged Discovery Material shall be treated as Confidential.

2

14928138v.1

4.      In the case of documents and other materials produced by a party, the "Confidential" designation shall be made at the time of production.  A producing party may designate as "Confidential," in whole or in part, any documents or other materials by so advising all other parties and by marking any copies of the documents or other materials, in a manner not affecting legibility, with the word "Confidential."  Any party may obtain confidential treatment for documents or other materials previously produced by any party or non-party without such designation if the party seeking the designation sends written notice of such designation to all other parties or non-parties in the possession of such documents or other materials and within thirty (30) days of their production marks the subject documents or other materials with the word "Confidential" and reproduces them. All documents and other materials produced by a non-party and not designated as "Confidential" by a party at the time of their production shall nonetheless be treated as Confidential Information for thirty (30) days following such production.

5.      With respect to testimony elicited during depositions, whenever counsel for a party deems that any question or line of questioning calls for the disclosure of information that should be treated as Confidential Information, counsel may: (i) designate on the record prior to such disclosure that such information is being designated as "Confidential" or (ii) give written notice to all other counsel that such information is being designated as "Confidential" within twenty-one (21) days after receiving a copy of the deposition transcript.

6.      Confidential Information will be held by the receiving party exclusively for use in connection with the above-captioned action and any appeals thereof.  A party shall not disseminate any Confidential Information produced by the other party or by a non-party except as necessary for use in these proceedings, and subject to the further restrictions set forth in paragraph 7, below.  The parties

3

14928138v.1

1  shall take reasonable and prudent measures to safeguard the confidentiality of all

2  Confidential Information.

3      7.    Confidential Information shall not be used or disclosed directly or

4  indirectly by the party receiving such Confidential Information to persons other

5  than:

6          (a)    The Court, persons employed by the Court, the stenographer

7  transcribing the testimony or argument at a hearing, trial, or deposition in this

8  action, and any special master or mediator appointed by the court or agreed-to by

9  the parties;

10          (b)    Counsel of record for any party to this action, as well as regular

11  employees of such counsel, and outside copy services, used to assist in the defense

12  or prosecution of this litigation;

13          (c)    Experts and consultants consulted or retained by any party or

14  counsel of record for any party to assist in the defense or prosecution of this

15  litigation;

16          (d)    Any individual party, except that neither the named Plaintiff

17  nor any subsequent named Plaintiff shall have the right to review any other

18  employee's confidential employment data, which shall be designated for

19  "Attorney's Eyes Only"; and

20          (e)    Any employee, former employee, agent or independent

21  contractor of any party who is requested by counsel to assist in the defense or

22  prosecution of this litigation, provided, however, that disclosure of the Confidential

23  Information to said individual is made only to the extent necessary for the

24  employee, former employee, agent or independent contractor to perform such

25  assistance.

26      Should either party wish to share Confidential Information with any

27  potential witness who is not included in parts (a) through (e), above, the parties

28
                                    4

1  agree to meet and confer in good faith to file a Supplemental Stipulation and

2  [Proposed] Protective Order Regarding Confidentiality Agreement that would

3  include any such potential witness.

4      Any party that seeks to make disclosure of Confidential Information

5  permitted under this Order to a person listed in subparagraphs 7(c) or 7(e) above

6  shall, prior to such disclosure, advise the recipient of such information of the

7  contents of this Order and require each such person to whom such disclosure is

8  made to execute an undertaking in the form attached hereto as Exhibit A.  All such

9  undertakings shall be retained by counsel for the party who discloses Confidential

10  Information in this way.

11      8.      Any party may object to the designation of particular documents or

12  other materials as "Confidential" by giving written notice to the party making the

13  designation and to all other parties.  Such notice shall identify with reasonable

14  specificity the documents or other materials to which the objection is directed and

15  the basis for the objection.  The parties shall attempt to resolve any such dispute by

16  meeting and conferring.  In the event the dispute cannot be resolved within

17  fourteen (14) days of the giving of such written notice, it shall be the obligation of

18  the party objecting to the designation to file an appropriate motion requesting a

19  ruling by the Court that the disputed documents or other materials not be

20  designated "Confidential."  The disputed documents or other materials shall be

21  treated as "Confidential" pending a ruling from the Court.

22      9.      ~~In the event that any Confidential Information is used in any Court~~

23  ~~proceeding in this action, it shall not lose its confidential status through such use.~~

24  **(FFM)**

25      10.      Nothing herein shall be construed to affect in any way the

26  admissibility of any document, testimony, or other evidence at trial.

27

28

PROPOSED ORDER ON STIPULATION REGARDING CONFIDENTIALITY AGREEMENT
CASE NO. 2:12-CV-7491-PSG (FFMX)

14928138v.1

1    11.    Documents or other materials filed by any party with the Court before,

2  during, or after trial that contain Confidential Information shall be **submitted to**

3  ~~filed with~~ the Clerk of the Court **along with an application for an order allowing**

4  **filing** under seal and subject to further order of the Court.  **Such application must**

5  **comply with Local Rule 79.**  Any such materials filed and/or lodged under seal

6  with the Court shall be filed and/or lodged separately in a sealed envelope marked

7  in accordance with the provisions of the Local Rules.  **(FFM)**

8    12.    Any party may consent to have any documents or other materials it

9  previously designated as "Confidential" removed from the scope of this Order by

10  so notifying counsel for the other parties in writing or by so stating on the record at

11  any hearing or deposition.  Nothing contained in this Order shall prevent any party

12  from disclosing its own Confidential Information as it deems appropriate.

13    13.    The provisions of this Order shall not terminate at the conclusion of

14  this action.  Within 120 days of final conclusion of all aspects of this litigation,

15  including any and all appeals, documents and other materials stamped or otherwise

16  identified as "Confidential" and all copies of same (other than exhibits of record

17  and the one file copy of each "Confidential" document per party that the California

18  State Bar requires be kept for three years) shall be returned to the party that

19  produced such documents or, at the option of the producing party, destroyed.  All

20  counsel of record shall execute a certification of compliance herewith and shall

21  deliver the same to counsel for the party that produced the documents not more

22  than 120 days after final termination of this litigation.  Three years following the

23  final conclusion of all aspects of this litigation, the one file copy of each

24  "Confidential" document maintained by each party shall be returned to the party

25  that produced such documents or, at the option of the producing party, destroyed.

26  All counsel of record shall execute a certification of compliance herewith and

27  deliver the same to counsel for the party that produced the documents not more

28

PROPOSED ORDER ON STIPULATION REGARDING CONFIDENTIALITY AGREEMENT
CASE NO. 2:12-CV-7491-PSG (FFMX)

14928138v.1

1 than 120 days after the three-year anniversary of the final termination of this

2 litigation.

3      14.   The inadvertent production or disclosure of any privileged or

4 otherwise protected information by any party shall not constitute, or be considered

5 as a factor suggesting, a waiver or impairment of any claims of privilege or

6 protection, including but not limited to, the attorney client privilege and the

7 protection afforded to work product materials.

8      15.   If any privileged or otherwise protected information is inadvertently

9 produced, the producing party must provide written notice to any other parties that

10 such information, or discovery material containing such information, has been

11 inadvertently produced or disclosed.  Within three (3) business days of the receipt

12 of such notice, each other party shall return to the producing party all such

13 discovery material and copies thereof identified in the notice in its possession, and

14 shall make reasonable efforts to reclaim and return any such discovery material

15 and information.  The party that has inadvertently produced or disclosed such

16 information shall, within ten (10) business days after such material is returned to it,

17 provide a privilege log identifying the discovery material and the copies returned

18 to the producing party such that the non-producing party is able to challenge the

19 producing party's claim that the discovery materials are privileged or otherwise

20 protected.

21

22     **16.   Nothing herein shall be construed as relieving anyone from any**

23 **obligation to comply with a duly issued subpoena or other process from a**

24 **court or administrative agency.   (FFM)**

25

26

27

28                7

1     This Stipulation and Order is subject to revocation and modification by order

2  of the Court, upon written stipulation of the parties, or upon motion and reasonable

3  notice.

4

5  **IT IS SO ORDERED.**

6  DATED:  12/05/12

7                                             /S/ FREDERICK F. MUMM
                                             **FREDERICK F. MUMM**
8                                    **UNITED STATES MAGISTRATE JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                              8

14928138v.1

<u>EXHIBIT A</u>

<u>CONSENT TO BE BOUND</u>

I, _____, declare:

1.    My address is _____.  My present occupation is _____.

2.    I have received a copy of the Stipulation and Protective Order Re: Production of Confidential Information (the "Protective Order") in this action entitled *Rene Hodach and Winston Bolls, as individuals, as a representative of other aggrieved employees, and on behalf of all others similarly situated, Plaintiffs v. Walgreen Co., an Illinois corporation, and DOES 1 through 50, inclusive, Defendants*.   I have carefully read the provisions of the Protective Order, and I understand those provisions.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence and will not copy or use except for purposes of this action any information designated as "Confidential" that I receive or view in this action.

4.    I further irrevocably consent to the jurisdiction of the United States District Court, Central District of California for the limited purposes of any proceeding to enforce or to secure compliance with the terms of the Protective Order or to punish the breach of any terms of the Protective Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of _____, 201_.


_____
Signature

9

14928138v.1